the relief demanded in the complaint, and the word *amount*, to the sum of money demanded as damages.

The order denying a new trial should be reversed, and there must be a new trial, costs to abide event.

———•◆•———

## SUPREME COURT.

DeWitt Graham and others agt. Peter Chrystal.

Secondary evidence is not admissible, if by reasonable diligence, the original could have been produced.

The sufficiency of the proof of the loss of an instrument, is a point addressed to, and determined by the court exclusively :

*Held*, therefore, that a referee having been satisfied that there was not sufficient proof of loss to admit secondary evidence, the court, on appeal, will not say that he erred.

*New York General Term, May,* 1865.
*Before* Ingraham, Barnard *and* Clerke, *Justices.*

*By the court,* Clerke, J.   We see no better reason for disturbing the findings of fact in this case, than in that in which John Graham is plaintiff.

The exceptions in this case worthy of any consideration, are with the exception of one, similar to those in the other, and must receive the same disposition.

The exceptions have been treated by the counsel in both cases as similar, except that relative to the ruling rejecting parol evidence of the contents of David Graham's notes to the defendant.   While admissions made by David Graham, could not bind John Graham, they would bind himself and his representatives.

The only question, therefore, on this point is, whether sufficient proof of the loss of the notes was given, to allow secondary evidence of their contents.   Secondary evidence is not admissible, if by reasonable diligence the original could have been produced.

Graham agt. Chrystal.

The degree of digilence depends on the nature of the transaction to which the paper relates, and other circumstances. The sufficiency of the proof of the loss is a preliminary point, addressed to and determined by the court, exclusively, and upon which it has to pass, in view of the peculiar features which characterizes each case as it arises.

In the case before us, the witness testified that he had looked for the notes among his papers, and could not find them. He did not say where he had made the search, or that he had made a diligent search. He gave no particulars, and did not state whether he believed they were lost.

The referee, who had the witness before him, was undoubtedly the best judge of the reliability of this preliminary proof, and he was satisfied that there was not sufficient proof of the loss of the notes to admit secondary evidence of their contents. We cannot say that he erred in excluding it.

I think the judgment should be affirmed, with costs.